# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOHN ANTHONY COOPER,

    **Plaintiff,**

    v.

BRENDA WAMSLEY, *et al.*,

    **Defendants.**

Civil Action 2:18-cv-34
Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## ORDER and REPORT AND RECOMMENDATION and DEFICIENCY NOTICE

Plaintiff, John Anthony Cooper, an Ohio inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983. Plaintiff alleges that three employees of the Ohio Department of Rehabilitation and Correction deprived him of rights guaranteed to him by the United States Constitution when they interfered with his access to the courts by refusing to notarize documents that Plaintiff intended to file in state courts. Plaintiff alleges that the Defendants' actions deprived him of opportunities to seek appellate review of his conviction and sentence and that, after Plaintiff successfully grieved their actions, Defendants retaliated against him by again interfering with his access to the courts. Plaintiff also names "John/Jane Does" in the caption of his Complaint but does not mention these defendants in the body of his Complaint. (ECF No. 1.) Plaintiff seeks compensatory damages and declaratory and injunctive relief.

This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen of the Complaint required by 28 U.S.C. §§ 1915(e)(2) and 1915A, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's John and Jane Doe Defendants. Plaintiff may proceed on his claims against the named defendants.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2). (ECF No. 3.) Plaintiff's motion is **GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1).

Plaintiff's affidavit reveals that he currently possesses thirteen cents in his prison account, which is insufficient to pay the full filing fee. His application indicates that his monthly income is twenty dollars.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (Inmate ID: A725765) at the Pickaway Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

The Court **ORDERS** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*      \*      \*
>
>     (B) the action or appeal--
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

---

[1]Formerly 28 U.S.C. § 1915(d).

upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550

U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## II.

It is **RECOMMENDED** that the Court **DISMISS** Plaintiff's John and Jane Doe Defendants from this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A for failure to state a claim. Although Plaintiff names "JOHN/JANE DOES (unknown)" as defendants in his caption, he fails to mention any of these defendants in the body of his Complaint.

As set forth above, Plaintiff may proceed on his claims against the three named Defendants. The Court advises Plaintiff that he must assure that Defendants are served with process within 90 days of the filing of the Complaint pursuant to Federal Rule of Civil Procedure 4(m).[1] If Plaintiff intends for the United States Marshal to effect service, he must submit completed summonses and Marshal service forms (form USM-285). As a courtesy, the Clerk has sent these forms to Plaintiff. Upon Plaintiff's submission of these documents, the Court **DIRECTS** the United States Marshal to serve by certified mail upon Defendants a copy of the Complaint and a copy of this Order. Plaintiff is cautioned that if Defendants are not served within 90 days, the Court will dismiss this action without prejudice pursuant to Rule 4(m).

Each Defendant is **ORDERED** to answer or otherwise respond to the Complaint within 45 days after being served with a copy of the Complaint and summons.

---

[1] **Error! Main Document Only.** Rule 4(m) provides in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court further **DIRECTS** the Clerk of Court to mail a copy of this Order to Plaintiff, the prison cashier's office, the Court's financial office in Columbus, and the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE