# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOHN ANTHONY COOPER,

      Plaintiff,

  v.                                             Civil Action 2:18-cv-34
                                                  Judge Algenon L. Marbley
                                                  Magistrate Judge Chelsey M. Vascura

BRENDA WAMSLEY, *et al.*,

      Defendant.

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, John Anthony Cooper, an Ohio inmate proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983, alleging that Defendants, employees of Pickaway Correctional Institution, denied him access to the courts when they declined to notarize his handwritten affidavit of indigency, causing his filing to the Ohio Supreme Court to be untimely. This matter is before the Court for consideration of Defendants' Motion for Judgment on the Pleadings (ECF No. 15), which Plaintiff has not opposed, as well as Defendants' Motion for Summary Judgment (ECF No. 18), Plaintiff's Opposition thereto (ECF No. 22), and Defendants' Reply (ECF No. 24). The Court also considers Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment (ECF No. 22) and his Motion for Leave to File a Sur-Reply to Defendants' Reply in Support of their Motion for Summary Judgment (ECF No. 25). Having considered the Motions and all related briefing, Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment (ECF No. 22) and Motion for Leave to File Sur-Reply (ECF No. 25) are **DENIED**. Further, it is **RECOMMENDED** that Defendants' Motion

for Judgment on the Pleadings (ECF No. 15) and Motion for Summary Judgment (ECF No. 18) be **GRANTED**.

## I. PROCEDURAL HISTORY

The present case is just one of several related court proceedings, beginning with Plaintiff's 2015 OVI conviction. A brief outline of the related proceedings follows.

**A.  State Trial Proceedings: Plaintiff pleads guilty to OVI.**

On July 14, 2015, the Clermont County, Ohio grand jury returned a three-count indictment charging Plaintiff as follows:

(1) Operating a vehicle under the influence of alcohol in violation of Ohio Rev. Code § 4511.19(A)(1)(a), with a specification that Plaintiff had, within twenty years of the offense, previously had been convicted of or pleaded guilty to five or more equivalent offenses;

(2) Operating a vehicle with a blood alcohol concentration of seventeen-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the Plaintiff's breath in violation of Ohio Rev. Code § 4511.19(A)(1)(h), with a specification that Plaintiff had, within twenty years of the offense, previously had been convicted of or pleaded guilty to five or more equivalent offenses; and

(3) Operating a vehicle while Plaintiff's license was suspended for operating a vehicle under the influence in violation of § 4510.14(A).

(Indictment, ECF No. 8, PAGEID #32–34, S.D. Ohio Case No. 1:18-cv-28.)[1]  Plaintiff, through counsel, ultimately entered a plea of guilty to Count 1 and its specification; in exchange, the prosecutor agreed to drop Counts 2 and 3. (Guilty Plea, *id.* at PAGEID #42.) On May 12, 2016, Plaintiff was sentenced to (1) a mandatory period of four years of imprisonment for the specification, and (2) a period of 30 months of imprisonment for the underlying violation of

---

[1] Although not filed in this case, the transcript of Plaintiff's underlying criminal proceedings was filed in a related habeas corpus action in the Western Division of this Court. Federal courts may take judicial notice of proceedings in other courts of record. *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999).

§ 4511.19(A)(1)(a), "with the first 60 days of the 30 month sentence to be mandatory," for a total prison term of six-and-one-half-years. (Judgment, *id.* at PAGEID #56.)

**B.     Direct Appeal: Plaintiff's appellate counsel withdraws; Plaintiff is re-sentenced.**

Plaintiff, through counsel, filed a timely notice of appeal to the Ohio Court of Appeals. (Notice of Appeal, *id.* at PAGEID #61.) On December 27, 2016, Plaintiff's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating: "Counsel has reviewed the court file, as well as the transcript of proceedings prepared in this case, and can find no error by the Trial Court prejudicial to the rights of appellant which may be argued to this Court on appeal." (*Anders* Brief, *id.* at PAGEID #84.) Counsel requested that the court conduct an independent review of the record "to determine whether petitioner received ineffective assistance that caused the guilty plea to be involuntary," certified that counsel informed petitioner that he could file his own brief with the court, and requested permission to withdraw as counsel "on the basis that the appeal is frivolous." (*Id.* at PAGEID #84-85.)

On March 6, 2017, the Ohio Court of Appeals dismissed the appeal as frivolous. (Judgment Entry, *id.* at PAGEID #97.) Plaintiff filed a *pro se* motion for reconsideration on March 27, 2017, arguing that the trial court erroneously informed him that the first sixty days of his OVI sentence was mandatory. (Motion, *id.* at PAGEID #100–03.)

On June 9, 2017, the Ohio Court of Appeals granted Plaintiff's motion for reconsideration and remanded the case to the trial court only for re-sentencing on the OVI conviction to address the erroneous mandatory 60-day portion of the 30-month sentence. (Judgment Entry, *id.* at PAGEID #105–07.) The Court of Appeals affirmed the decision of the trial court in all other respects. (*Id.* at PAGEID #107.) On July 31, 2017, the trial court issued an amended final judgment and sentencing entry, deleting the 60-day mandatory portion of

petitioner's sentence and imposing the same six-and-one-half-year total sentence. (Amended Judgment, *id.* at PAGEID #133–36.)

**C.     Application to Reopen Appeal: The Court of Appeals denies Plaintiff's motion; Plaintiff's attempted appeal of that decision to the Ohio Supreme Court is untimely.**

On May 8, 2017, Plaintiff filed a *pro se* application to reopen his appeal pursuant to Ohio App. R. 26(B). (Application, *id.* at PAGEID #108–28.) Plaintiff's application argues that his appellate counsel was ineffective for failing to raise the issue of ineffective assistance of trial counsel. (*Id.*) Specifically, Plaintiff argues that Counts 1 and 2 of the indictment were allied offenses subject to merger, and that his trial counsel failed explain Plaintiff's merger rights before Plaintiff entered into the plea agreement. (*Id.* at PAGEID #2.) Because, Plaintiff contends, Counts 1 and 2 were subject to merger, Plaintiff could not have been punished for Count 2 in addition to Count 1 regardless of whether Plaintiff pleaded guilty. In other words, the prosecutor gave up nothing by dismissing Count 2 and Plaintiff received nothing in return for his guilty plea. (*Id.* at 2–6.) Because his trial counsel did not explain Plaintiff's merger rights or move to dismiss Count 2 as duplicative, Plaintiff argues that he did not have sufficient information to enter his guilty plea knowingly and voluntarily. (*Id.*)

On July 31, 2017, the Ohio Court of Appeals denied Plaintiff's application to reopen his appeal. (Entry, *id.* at PAGEID #129–32.) Plaintiff attempted to appeal this denial to the Ohio Supreme Court on September 15, 2017; however, the clerk returned his documents to him because they were not timely filed and noted that the provision for filing a delayed appeal does not apply to appeals brought under Ohio App. R. 26(B). (Letter from Clerk's Office, ECF No. 12-1, PAGEID #219, S.D. Ohio Case No. 1:18-cv-28.) As will be further discussed *infra*, Plaintiff alleges in the present action that his delay in attempting to file his appeal with the Ohio

4

Supreme Court was caused by Defendants' refusal to notarize his affidavit of indigency, which was required to accompany his appeal. (Compl., ECF No. 1.)

**D.    Federal Habeas Corpus: Plaintiff's petition is administratively stayed pending exhaustion of his due process claim.**

On January 16, 2018, Plaintiff commenced a federal habeas corpus action in the Western Division of this Court. (Petition, ECF No. 1, S.D. Ohio Case No. 1:18-cv-28.) In his habeas petition, Plaintiff raised his ineffective assistance of counsel argument made previously in his application to reopen his direct appeal, as well as an argument that he was denied due process when the Ohio Appeals Court granted his appellate counsel's request to withdraw under *Anders*. (*Id.*) On February 12, 2019, Magistrate Judge Litkovitz determined that, although Plaintiff had exhausted his state remedies as to the ineffective assistance of counsel claim, Plaintiff had not exhausted his state remedies as to the due process claim. (R. & R., ECF No. 13, S.D. Ohio Case No. 1:18-cv-28.) Magistrate Judge Litkovitz therefore recommended that Plaintiff's habeas petition be administratively stayed pending Plaintiff's exhaustion of his Ohio remedies. (*Id.*) On March 4, 2019, Judge Barrett adopted the Magistrate Judge's recommendation. (Order, ECF No. 14, S.D. Ohio Case No. 1:18-cv-28.)

**E.    Present § 1983 Litigation: Access to courts and retaliation claims.**

On January 12, 2018, Plaintiff commenced the present action asserting claims under 42 U.S.C. § 1983 against various employees of the Pickaway Correctional Institution where he is presently incarcerated. (Compl., ECF No. 1.) Specifically, Plaintiff alleges that Defendants interfered with his right to access the courts when they refused to notarize the affidavit of indigency he drafted in conformance with the Ohio Supreme Court's rules. (*Id.*, ¶¶ 10–17.) Their refusal to notarize his handwritten affidavit allegedly delayed his attempted appeal to the Ohio Supreme Court of his application to reopen his direct appeal under Ohio App. R. 26(B),

5

such that the clerk refused to docket the appeal as untimely. (*Id.*) Moreover, Plaintiff alleges Defendants retaliated against him by creating a false conduct report against Plaintiff after he complained about their refusal to notarize his affidavit. (*Id.* ¶¶ 18-23.)

Defendants filed both a Motion for Judgment on the Pleadings (ECF No. 15), which Plaintiff did not oppose, and a Motion for Summary Judgment (ECF No. 18), to which Plaintiff filed a combined opposition and Motion to Strike Defendants' Motion for Summary Judgment (ECF No. 22.) After Defendants filed a Reply in support of their Motion for Summary Judgment (ECF No. 24), Plaintiff also filed a Motion for Leave to File Sur-Reply (ECF No. 25). All four of these motions are now ripe for disposition.

## II. PLAINTIFF'S MOTIONS

The Court turns first to Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment. Plaintiff seeks to have Defendants' motion stricken under Fed. R. Civ. P. 11 and 12(f). (Motion to Strike, ECF No. 22 at 1.) Rule 12(f) permits the Court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added.) Fed. R. Civ. P. 7(a) defines pleadings as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served." *Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006). "A memorandum of law is decidedly not a 'pleading' that may be the object of a motion to strike under Rule 12(f)." *Lucas v. JBS Plainwell, Inc.*, No. 1:11-CV-302, 2011 WL 5408843, at *1 (W.D. Mich. Nov. 8, 2011). Because Defendants' Motion for Summary Judgment is not a "pleading," it is not subject to striking under Rule 12(f).

Nor is striking Defendants' motion warranted under Rule 11. A motion for sanctions under Rule 11 must be "made separately from any other motion" and must be served on the opposing party at least twenty-one days prior to filing it with the Court to permit the opposing party to withdraw or correct the challenged document. Fed. R. Civ. P. 11(c). Plaintiff complied with neither of these requirements. Accordingly, Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment is **DENIED**.

The Court likewise denies Plaintiff's Motion for Leave to File Sur-Reply. This Court's Local Rules provide only for memoranda in support of a motion, memoranda in opposition, and reply memoranda in the normal course. S.D. Ohio Civ. R. 7.2(a). Any further memoranda require leave of court based on a showing of good cause. *Id.* Here, Plaintiff asserts that "new information relevant to the resolution of summary judgment has recently manifested in the February 12, 2019 Report & Recommendation in the habeas corpus proceedings" and that "counsel for defendants has added new matter to the summary judgment that plaintiff feels must be addressed in opposition." (Motion for Leave to File Sur-Reply, ECF No. 25 at 2.) However, Plaintiff does not identify what "new information" or "new matter" has arisen in the habeas proceedings or in Defendants' Reply. For this reason, Plaintiff has not shown good cause and his Motion for Leave to File Sur-Reply is **DENIED**.

### III. DEFENDANTS' MOTIONS

**A.  Standards of Review**

    **1.  Motion for Judgment on the Pleadings**

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings." Fed.R.Civ.P. 12(c). "Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed.R.Civ.P. 12(b)(6)." *McGath v. Hamilton Local Sch. Dist.*, 848 F. Supp. 2d 831, 836 (S.D. Ohio 2012)

(citing *Warrior Sports, Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010)). In deciding on a Rule 12(c) motion, the Court "must take all the 'well-pleaded material allegations of the pleadings of the opposing party' as true." *Cincinnati Ins. Co. v. Beazer Homes Inv., LLC,* 594 F.3d 441, 445 (6th Cir. 2010) (quoting *Rawe v. Liberty Mut. Fire Ins. Co.,* 462 F.3d 521, 526 (6th Cir. 2006)). The Court may grant a motion for judgment on the pleadings when the "moving party is entitled to judgment as a matter of law." *Id.* (internal citation omitted).

To survive a motion for judgment on the pleadings, Plaintiff's "factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock,* 592 F.3d 718, 722 (6th Cir. 2010). The Court holds *pro se* plaintiffs "to a less stringent pleading standard than a party with an attorney." *Grinter v. Knight,* 532 F.3d 567, 577 (6th Cir. 2008). But "[d]espite this, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Id.* In other words, "the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations." *Id.* (quoting *Kamppi v. Ghee,* 208 F.3d 213 (table) (6th Cir.2000)).

### 2.    **Motion for Summary Judgment**

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.*

Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

**B. Analysis**

    **1. Access to Courts**

Defendants make several arguments in their motions as to why Plaintiff's access to courts claim lacks merit. However, a decision of the United States Court of Appeals for the Sixth Circuit, issued after briefing closed on Defendants' motions, disposes of Plaintiffs' access to courts claim on an alternative ground. In *Sampson v. Garrett*, the Sixth Circuit considered the effect of *Heck v. Humphrey*, 512 U.S. 477 (1994), on an access to courts claim by a prisoner alleging interference with his direct criminal appeal. 917 F.3d 880 (6th Cir. 2019). In *Sampson*, the plaintiff alleged that various state actors conspired to deprive him of a complete and accurate

9

record of his trial court proceedings, which resulted in the failure of his direct appeal of his criminal conviction. The Sixth Circuit stated:

> *Heck* blocks a state prisoner's § 1983 claim if its success "would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487, 114 S.Ct. 2364. The idea is to channel what amount to unlawful-confinement claims to the place they belong: habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 81, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).
>
> Whether *Heck* applies to an access-to-the-court claim alleging state interference with a direct criminal appeal is a new question for us. That it is a new question, however, does not necessarily make it a hard question. Because the right of access is "ancillary to [a lost] underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court," a successful access claim requires a prisoner to show that the defendants have scuttled his pursuit of a "nonfrivolous, arguable" claim. *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (quotation omitted).
>
> Sampson maintains that he is entitled to damages because the defendants prevented him from using the trial transcripts and other materials in his direct—and unsuccessful—appeal. He could prevail on that claim only if he showed that the information could make a difference in a nonfrivolous challenge to his convictions. He could win in other words *only* if he implied the invalidity of his underlying judgment. *Heck* bars this kind of claim.

*Sampson* at 881–82.

Plaintiff's situation is indistinguishable from that of the plaintiff in *Sampson*. The injury Plaintiff allegedly suffered because of Defendants' refusal to notarize his affidavit of indigency is the failure of his appeal to the Ohio Supreme Court. That appeal was a direct challenge to Plaintiff's original conviction in Clermont County; thus, if that conviction is sound, Plaintiff has suffered no injury by losing his ability to appeal it. Accordingly, Plaintiff needs to establish the invalidity of his original conviction to succeed on his access to courts claim. Pursuant to the Sixth Circuit's holding in *Sampson*, Plaintiff's access to courts claim is therefore barred by *Heck*, and he may seek invalidation of his conviction only via his habeas proceedings.

10

## 2. Retaliation

Plaintiff also alleges that Defendants retaliated against him by creating a false conduct report against Plaintiff after he complained about their refusal to notarize his affidavit of indigency. A retaliation claim entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

As to adverse action element, courts recognize that, "since there is no justification for harassing people for exercising their constitutional rights [the effect on freedom of speech] need not be great in order to be actionable." *Mezibov v. Allen*, 411 F.3d 712, 721 (6th Cir. 2005) (quoting *Thaddeus-X* at 397 and *Bart v. Telford,* 677 F.2d 622, 625 (7th Cir. 1982)). "Nevertheless, since § 1983 is a tort statute, we must be careful to ensure that real injury is involved, lest we 'trivialize the First Amendment' by sanctioning a retaliation claim even if it is unlikely that the exercise of First Amendment rights was actually deterred." *Mezibov* at 721 (quoting *Thadeus-X* at 397 and *Bart* at 625).

As an initial matter, although Plaintiff asserts the relation claim against "Defendants" collectively, the conduct report was charged and signed only by Defendant T. Crawford. (Exhibit B, Compl. ECF No. 1.) Defendants Brenda Wamsley and Ernest Dandridge are not alleged to have had any direct involvement in the creation or issuance of the conduct report. Plaintiffs' retaliation claim must therefore be dismissed as to Defendants Wamsley and Dandridge. *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) ("claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right");

11

*Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012) ("[C]ategorical references to 'Defendants'" do not meet this standard).

As to the remaining Defendant Crawford, the conduct report, dated June 20, 2017, is attached to Plaintiff's Complaint and states:

> On the above date and approximate [*sic*] inmate Cooper A 725765 came into my office and stated "You have to sign my sign my [*sic*] paperwork" of which he refused to show me the paperwork he needed signed. Inmate at this time, became argumentative and his body language became aggressive. Inmate was instructed to leave my office and disobeyed my first directive. Inmate finally left my office after the third directive. AP1, Mr. Hale was present when inmate Cooper disobeyed the direct order.

(Exhibit B, Compl. ECF No. 1.) Plaintiff conclusorily alleges that this report is "false" and "fabricated," but does not specify in his Complaint or his opposition to Defendants' Motion for Summary Judgment how it is false. Nor does Plaintiff allege that any action was taken against him because of the allegedly false conduct report.

The Court concludes that Plaintiff has demonstrated neither the required adverse action nor the required causation to maintain a retaliation claim against Crawford. Assuming *arguendo* that Plaintiff engaged in constitutionally-protected activity when he complained about prison officials' failure to notarize his affidavit of indigency, a false conduct report, without any ensuing punishment or denial of privileges, is not sufficient to deter a person of ordinary firmness from filing those complaints. *See*, *e.g.*, *Mitchell v. Corr. Corp. of Am.*, 50 F. App'x 268, 270 (6th Cir. 2002) (one-time interference with prisoner's mail was not sufficient to deter a person from filing grievances).

Moreover, Plaintiff has not denied that he became argumentative and aggressive as described in the report; nor has he argued that such behavior is not grounds for issuing a conduct report. "[I]f the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Siggers-El v. Barlow*, 412

12

F.3d 693, 702 (6th Cir. 2005) (quoting *Ward v. Dyke,* 58 F.3d 271 (6th Cir. 1995)). Thus, if Plaintiff did engage in the behavior described, Crawford would have been justified in issuing the report regardless of Plaintiff's complaints, and there would be no causal connection between Plaintiff's complaints and the issuance of the conduct report. Accordingly, Plaintiff's retaliation claim should be dismissed.

## IV. DISPOSITION

For the reasons set forth above, Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment (ECF No. 22) and Motion for Leave to File Sur-Reply (ECF No. 25) are **DENIED**. Further, it is **RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings (ECF No. 15) and Motion for Summary Judgment (ECF No. 18) be **GRANTED**.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE